UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KERRY H. MERRINVIL, | ) |
| | ) |
| Plaintiff[1] | ) |
| | ) |
| v. | )  No. 2:24-cv-00210-NT |
| | ) |
| JEANNE LAMBREW et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DISMISSAL**

In his pro se complaint challenging a state court child support enforcement order, Kerry H. Merrinvil brings claims against former Maine Department of Health and Human Services (DHHS) Commissioner Jeanne Lambrew, DHHS agent Kelley Gilpatric, Maine District Court Judge Susan Driscoll, and Brittany Wales. *See* Complaint at 1. Merrinvil alleges that the Defendants violated his due process rights and several federal criminal laws, and he seeks reimbursement for the garnishment of his wages and an injunction "of all actions/orders of the past, present[, and] future." *Id.* at 3-4.

I recommend that the Court exercise its inherent power and **DISMISS** Merrinvil's complaint because this Court, as a federal court, is precluded from hearing challenges to state court child support enforcement proceedings and orders

---

[1] "Keyi Le Late Meyinivi El" purports to bring this action on behalf of Kerry H. Merrinvil—stating at one point that he is Merrinvil's "legal representative." Complaint (ECF No. 1) at 1-2. The notary public who notarized Meyinivi El's supposed signature on the complaint, however, indicated that it was actually Merrinvil who signed the complaint. *See id.* at 4. So, I will treat Meyinivi El and Merrinvil as one and the same.

1

under the *Rooker-Feldman* doctrine and/or the *Younger* abstention doctrine. *See Akande v. John Doe 1*, No. 12-10742-RWZ, 2012 WL 1658981, at *1-2 (D. Mass. May 10, 2012) ("A district court has inherent authority to dismiss a frivolous or malicious complaint *sua sponte*. . . . A court may also dismiss a complaint on its own motion for failure to state a claim upon which relief may be granted."); *Tyler v. Sup. Jud. Ct. of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019) ("The *Rooker-Feldman* doctrine bars jurisdiction . . . where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." (cleaned up)); *Rossi v. Gemma*, 489 F.3d 26, 34-35 (1st Cir. 2007) ("Abstention [under the *Younger* abstention doctrine] is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge."); *Brochu v. Foley*, No. 21-cv-384-JD, 2021 WL 2109659, at *2-4 (D.N.H. May 25, 2021) (dismissing, under the *Rooker-Feldman* and *Younger* abstention doctrines, a plaintiff's suit challenging a state court child support order because the relief sought would effectively overturn the state court order and/or interfere with ongoing child support enforcement proceedings); *Gray-Bey v. 42 U.S. Code 645(3) Mass. Dep't of Revenue Child Support Enf't Div.*, No. 20-12042-DJC, 2021 WL 8323638, at *4 (D. Mass. Mar. 17, 2021) ("Child support matters and issues surrounding the enforcement of child support . . . would be precluded under one or both of [the *Rooker-Feldman* and *Younger* abstention]

doctrines.").[2] I also recommend that the Court **DENY AS MOOT** Merrinvil's motion to proceed in forma pauperis (ECF No. 2).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: June 12, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge

---

[2] I would also note that Judge Driscoll is immune from suit under the doctrine of judicial immunity. *See Zenon v. Guzman*, 924 F.3d 611, 616-17 (1st Cir. 2019) ("[W]hen a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions."). Merrinvil lacks standing to bring criminal charges against the Defendants. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (noting that "a private citizen" generally "has no authority to initiate a federal criminal prosecution"). And Merrinvil's strangely worded complaint and attached state court filings suggest that he is relying on nonsensical "sovereign citizen" arguments. *See Libertad v. Massachusetts*, No. 1:21-cv-03888-SDG, 2022 WL 1136727, at *2 (N.D. Ga. Apr. 18, 2022) ("Dismissal of this action is appropriate and warranted based on its legal insufficiency and the frivolity inherent in all sovereign citizen legal theories—such sovereign citizen claptrap has been rejected over and over." (cleaned up)).